Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| FIDEICOMISO CRESPO SANTIAGO<br><br>RECURRIDO<br><br>V.<br><br>OSCAR CRESPO QUINONES; KELLY GUTIÉRREZ DEL ARROYO<br><br>PETICIONARIOS | TA2025CE00927 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2019CV02123<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparecen ante nos, el señor Oscar Crespo Quiñones y la señora Kelly Gutiérrez Del Arroyo ("señora Gutiérrez Del Arroyo"), en adelante, en conjunto, "los peticionarios". Solicitan nuestra intervención para que dejemos sin efecto la *"Resolución Interlocutoria"* emitida el 29 de septiembre de 2025 y notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Municipal de San Juan. Mediante esta, el referido tribunal, reafirmó la orden de pago de renta. Además, reiteró que la *"Sentencia"* notificada el 3 de mayo de 2019 es final y firme, al igual que la *"Resolución"* notificada el 7 de agosto de 2023, sobre el retiro de los fondos consignados a favor del Fideicomiso Crespo Santiago.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

**I.**

El 4 de marzo de 2019 el Fideicomiso Crespo Santiago presentó la *"Demanda"* de epígrafe. Mediante esta, instó una acción de desahucio contra

los peticionarios. Adujo, que es dueño de un bien inmueble localizado en Santurce, en el cual los peticionarios residen sin pagar renta alguna y sin que exista entre las partes un contrato de arrendamiento. Además, alegó que el 21 de febrero de 2019, les remitió a los peticionarios una misiva a los fines de solicitarles el pago de renta y el perfeccionamiento de un contrato de arrendamiento. No obstante, sostuvo que sus esfuerzos resultaron infructuosos por lo que solicitó que los peticionarios fueran desalojados del inmueble objeto de litigio.

En reacción, el 20 de marzo de 2019, los peticionarios presentaron *"Contestación a Demanda."* En esencia, negaron las alegaciones principales expuestas en la *"Demanda."* Especificaron, que poseen legítimamente el bien inmueble en controversia dado que cuentan con la aprobación del Fideicomiso Crespo-Quiñones. Entre las defensas afirmativas levantadas por ellos, argumentaron que el Fideicomiso Crespo Santiago no es propietario del inmueble en cuestión y que existe un conflicto sobre la titularidad de dicho inmueble.

Así las cosas, el 2 de mayo de 2019, las partes en conjunto presentaron un *"Acuerdo Transaccional."* Mediante este, acordaron que los peticionarios continuarían haciendo uso de la propiedad en litigio y pagarían la cantidad mensual de $2,750.00 en concepto de arrendamiento, de los cuales la suma de $527.84 sería destinada a satisfacer la cuota de mantenimiento de la propiedad. A su vez, estipularon que lo pagado en concepto de arrendamiento sería consignado hasta tanto se resuelva la controversia sobre el dominio del bien inmueble en el caso número PO2019CV00946. Sobre esto, indicaron que el dinero consignado quedará a disposición de la parte que prevalezca en el referido pleito.

Tras examinar dicho Acuerdo, el 3 de mayo de 2019, el foro recurrido notificó una *"Sentencia"* a través de la cual declaró *Ha Lugar* el *"Acuerdo Transaccional."*

Posteriormente, los peticionarios solicitaron que se dejara sin efecto la *"Sentencia"* notificada el 3 de mayo de 2019, esto a través de tres (3)

solicitudes presentadas en distintas fechas: 13 de octubre de 2021, 12 de abril de 2022 y 7 de noviembre de 2022.  Mediante estas, argumentaron: 1) que dicha *"Sentencia"* es nula por violentar una orden de paralización a tenor de la Ley Federal de Quiebras; 2) que el desahucio es improcedente por existir un conflicto sobre la titularidad del bien inmueble; y 3) que no procede el desahucio peticionado por estar la propiedad objeto de litigio inscrita a favor de la señora Gutiérrez del Arroyo.

Así las cosas, el 1 de diciembre de 2022, el foro primario notificó una *"Sentencia,"* mediante la cual desestimó la *"Demanda"* de epígrafe bajo el fundamento de que el desahucio no era el vehículo procesal idóneo para ventilar una reclamación en contra de la titular registral del inmueble en disputa. El Fideicomiso Crespo Santiago recurrió de dicha *"Sentencia"* ante el foro apelativo. En atención de ello, el 28 de febrero de 2023, un panel hermano revocó la referida *"Sentencia.[1]"* En desacuerdo, los peticionarios instaron un recurso discrecional ante el Tribunal Supremo y dicho Tribunal denegó su expedición.

Posteriormente, el 7 de julio de 2023, el Fideicomiso Crespo Santiago presentó *"Solicitud de Retiro de Fondos Consignados."* A través de esta, peticionó que se adjudicaran a su favor los fondos consignados en concepto de renta.[2] El 10 de julio de 2023, los peticionarios se opusieron a lo solicitado mediante la presentación de una *"Oposición a Solicitud de Retiro de Fondos."* Por medio de la *"Resolución"* notificada el 7 de agosto de 2023, el tribunal de instancia, ordenó el retiro de los fondos consignados a favor del Fideicomiso Crespo Santiago.

---

[1] Cabe señalar, que al examinar la denominada *"Sentencia,"* el Tribunal de Apelaciones aclaró que dicha determinación no era propiamente una sentencia apelable. Razonó, que el referido dictamen en realidad constituía una decisión postsentencia mediante la cual se relevó a las partes de la *"Sentencia"* notificada el 3 de mayo de 2019. Por lo tanto, el foro apelativo acogió la apelación presentada como un recurso de *certiorari* y con ello revocó la intitulada *"Sentencia."* Véase, el caso KLAN202300100.

[2] El 19 de septiembre de 2023, el Fideicomiso Crespo Santiago presentó como anejo una *"Sentencia"* de desestimación, emitida el 23 de enero de 2023 en el caso PO2018CV01667 consolidado con el caso PO2019CV00946. Mediante dicha *"Sentencia,"* el tribunal de instancia desestimó los casos consolidados al amparo de las Reglas 22.1 y 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1 y R. 39.2(a).

En desacuerdo, el 1 de diciembre de 2023, los peticionarios recurrieron al foro apelativo. Mediante el caso, KLCE202301348, un panel hermano denegó la expedición del auto de *certiorari* presentado. De esta denegatoria, los peticionarios recurrieron al Tribunal Supremo y el referido Foro también denegó la expedición del recurso discrecional instado.

Así las cosas, el 17 de octubre de 2024, el Fideicomiso Crespo Santiago presentó *"Solicitud del Pago de Cánones Adeudados."* En síntesis, aseveró que, desde el mes de febrero de 2020, los peticionarios dejaron de consignar las cantidades ordenadas en concepto de renta a través de la *"Sentencia"* notificada el 3 de mayo de 2019. Así pues, solicitó que se les ordenara a los peticionarios pagar las cuantías adeudas y que se les impusiera a éstos el pago de honorarios de abogado.

Sometida la moción sin oposición de los peticionarios, el 9 de diciembre de 2024, el foro primario notificó una *"Resolución Interlocutoria."* Por medio de esta ordenó a los peticionarios pagar las cantidades adeudadas en concepto de renta. El foro primario determinó que el total a pagar es la suma de $29,628.78.

Al siguiente día, los peticionarios presentaron un *"Escrito en Solicitud de Reconsideración."* Indicaron, que el Fideicomiso Crespo Santiago no había prevalecido en el pleito PO2019CV00946, dado que este fue desestimado. Asimismo, arguyeron que la señora Gutiérrez del Arroyo es la actual titular del bien inmueble en controversia, puesto que lo adquirió mediante compraventa. Por lo tanto, concluyeron que la parte prevaleciente en la titularidad del inmueble es la referida codemandada y el dinero consignado debe quedar a su beneficio.

Al examinar los diversos escritos presentados, el 4 de septiembre de 2025, el foro primario declaró *No Ha Lugar* el *"Escrito en Solicitud de Reconsideración."* De igual modo, resolvió *No Ha Lugar* la petición de imposición honorarios de abogado, presentada por el Fideicomiso Crespo Santiago.

Acto seguido, el foro primario señaló una vista argumentativa, la cual fue celebrada el día 29 de septiembre de 2025. Celebrada la vista, el 30 de septiembre de 2025, el tribunal de instancia notificó la *"Resolución Interlocutoria"* que hoy nos ocupa. Mediante esta, reafirmó la orden de pago de renta. Además, reiteró que la *"Sentencia"* notificada el 3 de mayo de 2019 es final y firme, al igual que la *"Resolución"* notificada el 7 de agosto de 2023, sobre el retiro de los fondos consignados a favor del Fideicomiso Crespo Santiago.

Oportunamente, el 15 de octubre de 2023, los peticionarios presentaron otro *"Escrito en Solicitud de Reconsideración."* Este fue declarado *No Ha Lugar* por el foro primario el día 11 de diciembre de 2025.

En desacuerdo, el 19 de diciembre de 2025, los peticionarios presentaron una petición de *certiorari* ante este Tribunal. Mediante este, esbozaron los siguientes señalamientos de error:

> Erró el TPI al Declarar Ha Lugar el pago de renta desde marzo de 2020 a marzo de 2021 a favor de la parte recurrida.
>
> Erró el TPI al asumir jurisdicción sobre el asunto a pesar de haberse dictado sentencia desestimando el caso.

**II.**

**Recurso de *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal

apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

   **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

   **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

   **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

   **D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

   **E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

   **F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

   **G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a

una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

Los peticionarios recurren de una determinación post sentencia cuyo propósito fue reiterar los efectos de una *"Sentencia"* previa y la procedencia de retirar los dineros consignados en virtud de la antes dicha *"Sentencia."* Ante este escenario procesal y al examinar la totalidad del expediente de este caso, concluimos no intervenir en los méritos del asunto que se nos solicita revisar. Al ejercer la facultad discrecional que nos asiste en la evaluación de este tipo de recursos, y al guiar dicha facultad de conformidad a los parámetros de la Regla 40 del Tribunal de Apelaciones, *supra*, no encontramos que el recurso presentado reúna los criterios necesarios para inclinar nuestra discreción hacia su expedición. Por lo tanto, denegamos la expedición del recurso de epígrafe.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones